[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
By amended two count complaint filed February 3, 1993, the plaintiff, Command Technology, Inc., instituted this product liability action pursuant to General Statutes 52-572 (m) et seq. against the defendants, Standard Sprinkler Corp. and Reliable Automatic Sprinkler Co. (hereinafter "Reliable"). CT Page 1284
In its amended complaint, the plaintiff alleges that on or about December 23, 1989, Standard Sprinkler Corp. installed a sprinkler head in a wet-pipe sprinkler system at 404 Thames Street in Groton, Connecticut. The plaintiff further alleges that this sprinkler head popped, releasing great amounts of water which flooded the plaintiff's premises, causing damage to the plaintiff's personal property.
The plaintiff alleges that said sprinkler system was installed in May, 1989 by Standard Sprinkler Corp. and was manufactured by the Reliable. The plaintiff alleges that its damages were caused by a defective product.
On September 20, 1993, Reliable filed a motion for summary judgment and an accompanying memorandum of law with exhibits attached, arguing that: (1) because the plaintiff is not in possession of the product it alleges is defective; and (2) because the plaintiff does not have an expert witness to testify as to the cause of the "popping", there exists no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.
On October 6, 1993, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment, arguing that Reliable has not established that there exists no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.
In order to obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Practice Book 384; Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990).
In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403,528 A.2d 805 (1987). In its amended complaint, the plaintiff in the present case has alleged that the sprinkler head was defective and that this defect was the proximate cause of the plaintiff's damages.
The issue of proximate cause is ordinarily a question of fact for the trier. Doe v. Manheimer, 212 Conn. 748, 756, CT Page 1285563 A.2d 699 (1989). Proximate cause "becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact." Id. 757.
In the present case, Reliable has not shown that there is no room for a reasonable disagreement regarding the cause of the plaintiff's damages. See id. Therefore, Reliable has failed to show that there exists no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, Reliable's motion for summary judgment is denied.
Austin, J.